IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Gail Dickman,<br><br>          Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No.  CV-12-01180-PHX-NVW (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Petitioner Johnny Gale Dickman, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**BACKGROUND**

    Following a jury trial in the Yuma County Superior Court, Petitioner was convicted on April 25, 2002, of the offense of Continuous Sexual Abuse of a Child Under the Age of Fourteen.  (Doc. 10-1, Exh, E.)  On June 19, 2002, Petitioner was sentenced to a term of 27-years of imprisonment. (Doc. 10-1, Exh. G.)

    On July 1, 2002, Petitioner timely filed a Notice of Appeal. (Doc. 10-1, Exh. H.)  In a memorandum decision filed on July 15, 2003, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Doc. 10-1, Exh. K.)  Petitioner did not seek review of the decision by the Arizona Supreme Court.

    On August 1, 2003, Petitioner filed a Notice of Post-Conviction Relief and a

Request for Appointment of Counsel. (Doc. 10-1, Exh. L.) On August 8, 2003, the court appointed counsel. (Doc. 10-1, Exh. M.) After receiving a series of filing extensions (Doc. 10-1, Exh. B), on February 14, 2007, Petitioner, through counsel, filed a Petition for Post-Conviction Relief. (Doc. 10-2, Exh. N.) On August 27, 2008, the trial court issued an order in which it dismissed all claims for relief and denied the petition. (Doc. 10-2, Exh. Q.)

On March 17, 2009, Petitioner, through counsel, petitioned the Arizona Court of Appeals for review of the trial court's ruling. (Doc. 10-1, Exh. B; Doc. 10-2, Exh. R.) On March 29, 2010, the Arizona Court of Appeals summarily denied review. (Doc. 10-2, Exh. T.) On May 5, 2010, Petitioner sought review, through counsel, to the Arizona Supreme Court. (Doc. 10-2, Exh. U.) The Arizona Supreme Court summarily denied review on October 21, 2010. (Doc. 10-2, Exh. W.)

Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. 1) on June 4, 2012. Respondents filed a Limited Answer on October 11, 2012 (Doc. 10), and Petitioner filed a Reply on October 29, 2012 (Doc. 11).

**DISCUSSION**

In the Petition for Writ of Habeas Corpus, Petitioner alleges two grounds for relief.  In Ground One, Petitioner alleges that the trial court abused its discretion by admitting evidence of prior bad acts in violation of his Fifth, Sixth, and Fourteenth Amendment rights. In Ground Two, Petitioner alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment based on counsel's failure to request a hearing pursuant to State v. Terrazas, 944 P.2d 1194, 1197 (Ariz. 1997), to present expert testimony as to the victim's state of mind, and to argue at sentencing that the jury had to hear evidence before aggravating his sentence beyond the presumptive sentence.

Respondents contend that the habeas petition should be dismissed because the petition was filed beyond the statute of limitations period. Respondents further argue that Petitioner failed to exhaust his state-court remedies and some of his claims are

procedurally barred. Petitioner argues that his petition should be considered as though it were timely filed because the limitations period should be tolled.

For the reasons that follow, the Court finds that the habeas petition is barred by the statute of limitations, and will therefore recommend that it be denied on that basis.

**I.     Legal Standard**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [1] 28 U.S.C. § 2244. The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a

---

[1] The AEDPA applies only to those cases that were filed after its effective date (April 24, 1996). See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).

petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The one-year limitation period under AEDPA is statutorily tolled at "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S, 408, 418 (2005); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (generally, equitable tolling may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). For instance, equitable tolling is available "where an attorney's misconduct is sufficiently egregious," such as where an attorney refuses to file a petition at the client's request or when the attorney abandons the client. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Holland, 130 S. Ct. at 2568 (Alito, J., concurring). Equitable tolling is also available where a petitioner is denied access to his case file for an extended period of time. Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002). Nevertheless, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn, 345 F.3d at 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

## II.   Application

### A.   Statutory Tolling of the Limitations Period

Petitioner was sentenced on June 19, 2002, and timely filed a direct appeal on July 1, 2002. On July 15, 2003, the Arizona Court of Appeals affirmed the conviction and

- 4 -

sentence. Petitioner had 30 days from that date to seek review. See Ariz. R. Crim. P. 31.19(a). Because no petition for review was filed in the Arizona Supreme Court, Petitioner's judgment became final on August 14, 2003 within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires). Accordingly, the one-year limitations period commenced August 15, 2003.

The limitations period, however, was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2), when Petitioner properly filed a Notice of Post-Conviction Relief on August 1, 2003. The petition for post-conviction relief remained pending until the Arizona Supreme Court denied review.[2] After the denial by the Arizona Supreme Court on October 21, 2010, nothing remained "pending" for purposes of 28 U.S.C. § 2244(d)(2). Therefore, the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) began running on this date. See Hemmerle v. Schriro, 495 F.3d 1069, 1077 (9th Cir. 2007) (under Arizona procedural rules, post-conviction petition is no longer pending after Arizona Supreme Court denies review). The statute of limitations continued to run uninterrupted for one year, until October 21, 2011.

Accordingly, the limitations period for Petitioner to file a federal habeas petition expired on October 21, 2011. Petitioner did not file his federal habeas petition until June 4, 2012, approximately seven months after the limitations period expired. The habeas petition is therefore untimely.

**B.    Equitable Tolling of the Limitations Period**

In his reply, Petitioner contends that the limitations period should be equitably tolled. (Doc. 11.) Petitioner argues an absence of personal fault as to the delay in filing, because state post-conviction relief counsel did not respond to his request for case files

---

[2] The petition for review was filed with the Arizona Supreme Court 35 days after the issuance of the decision by the Arizona Court of Appeals. However, because the record does not indicate that the Arizona Supreme Court found the petition untimely, the Court construes the petition as pending until it was summarily denied on October 21, 2010.

- 5 -

until March of 2012. Petitioner has attached a letter from counsel, dated March 21, 2012, which states:

> I had to pull your file from storage and am sorry for the delay. It is coming in two boxes. Because I used the transcripts as exhibits, some of the transcripts are no longer bound. Given my delay, I felt it better to send it to you ASAP.
>
> I hope you are doing as well as can be expected, and hope you prevail in your habeas petition.
>
> Please let me know how you are doing, keep me updated, and let me know if I can assist you in any way.
>
> Due take care, and I remain,
>
> Very truly yours,
> Paul J. Mattern
> Attorney at Law

(Doc. 11.)

Deprivation of legal materials is a type of external impediment which may merit equitable tolling. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (citing Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002). However, Petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition almost a year late." Waldron-Ramsey, 556 F.3d at 1013. Here, Petitioner has not met that burden.

First, Petitioner has not established that he acted with reasonable diligence. Petitioner states in his reply that he contacted his state post-conviction relief counsel on October 29, 2010, following the Arizona Supreme Court's order denying review, but counsel did not respond to his requests until March 21, 2012. Although Petitioner states that he "diligently and aggressively attempted to get his case file," the certified mail receipt addressed to counsel, attached to Petitioner's reply, is dated November 25, 2011, after the limitations period had already expired. Cf. Holland, 130 S. Ct. at 2565 ("Holland not only wrote his attorney numerous letters seeking crucial information and providing direction, he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association... And, the very day that Holland discovered that his AEDPA clock had

- 6 -

expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.").

Furthermore, if the Court were to find that counsel failed to timely provide Petitioner with his files despite his diligent repeated requests, Petitioner has nonetheless failed to adequately explain why he filed approximately seven months after the AEDPA deadline expired. Petitioner does not contend that he was unaware of the factual basis for the claims he raised, that he did not have possession of any of his legal files, nor does Petitioner point to any specific document which he required in order to present his claims. The underlying basis of his claims, e.g., the admission of evidence at trial and trial counsel's performance, is not new information which was previously unavailable to the petitioner. See United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings."). Even if Petitioner faced difficulty developing his claims without possession of all of his records, "[i]f diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline." Waldron-Ramsey v. Pacholke, 556 F.3d at 1014. He could have outlined "arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information." Id.

Petitioner has also not established that counsel's delay constitutes extraordinary circumstances beyond his control which made it impossible to file a petition on time. Presupposing that Petitioner made a tactical decision to delay filing until review of all of his case files so that he could better bolster his claims, such tactical considerations did not prevent him from filing. Any alleged "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). See also Robinson v. Kramer, 588 F.3d 1212, 1216 (9th Cir. 2009) (citing Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000)); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Petitioner does not contend that he was unaware of the final denial of his petition for post-conviction relief. Cf. Holland, 130 S. Ct. at 2556 (counsel failed to inform petitioner of the denial of his capital state appeal and AEDPA time limit expired). Instead, Petitioner concedes that he was informed of the denial in October 2010. Petitioner does not argue that he lacked access to the federal habeas statute of limitations or that he was even unaware of the limitations period. Petitioner also does not claim that his attorney was committed to filing a federal habeas petition on his behalf. Rather, in the letter, post-conviction relief counsel indicates a lack of commitment to pursue further relief on Petitioner's behalf. Petitioner has neither articulated, nor does the record reveal, any extraordinary circumstance that would justify equitably tolling of the statute of limitations. See Pace, 544 U.S. at 418 (equitable tolling available when petitioner is both diligent in pursuing rights and had extraordinary circumstances preventing earlier filing); Holland, supra (discussing potential for finding of extraordinary circumstances where counsel misinformed petitioner about filing deadline, failed to communicate conclusion of state appeals, and failed to communicate with petitioner at all over a period of years, despite repeated requests by petitioner regarding the filing of his federal habeas petition). Therefore, the Court will recommend that the Petition for Writ of Habeas Corpus be denied as untimely.

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's Petition for Writ of Habeas Corpus is barred by the statute of limitations. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the

Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

Dated this 19th day of December, 2012.

Honorable Steven P. Logan
United States Magistrate Judge